UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X

CHARLES COLSTON,

               Petitioner,

                                                                               **OPINION AND ORDER**

              -against-                                           07-CV-850 (SJF)

COUNTY OF NASSAU,

               Respondent.

------------------------------------------------------------X

FEUERSTEIN, J.

I.      Introduction

Petitioner Charles Colston ("Petitioner"), currently incarcerated at the Nassau County Correctional Facility, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner's request to proceed *in forma pauperis* is granted. The petition is dismissed as premature.

II.     Discussion

The Court received Petitioner's petition on February 24, 2007. According to the petition, Petitioner pled guilty to robbery, burglary, possession of a weapon, and criminal use of a weapon on December 13, 2006. As of the date of the filing of this petition, Petitioner had not been sentenced.

Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1)(A), thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365 (1995) (quoting Picard v. Connor, 404 U.S. 270, 275 (1971)).

Because Petitioner has not exhausted his state remedies, the instant petition is

premature.[1]

III. Conclusion

Accordingly, the petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is dismissed without prejudice. As Petitioner has not made a substantial showing of the denial a of constitutional right, a certificate of appealability shall not issue. 28 U.S.C. § 2253. The Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from this order would not be taken in good faith and therefore, *in forma pauperis* is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438 (1962). The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

/s/
Sandra J. Feuerstein
United States District Judge

Dated: March 22, 2007
 Central Islip, New York

---

[1] Petitioner is advised that any new petition must contain the specific grounds for federal review. Petitioner is further advised that a one (1) year period of limitation applies to an application for a writ of habeas corpus by person in custody pursuant to the judgment of a state court. The limitation period runs from the latest of: (a) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (b) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; (c) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (d) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

Copy to:

Charles Colston, *Pro Se*
05010374
Nassau County Correctional Facility
100 Carman Ave
East Meadow, NY 11554